Our next case is United States v. Frazier Mr. Hamernick Good morning your honors and may it please the court Jared Hamernick v. Matthew Frazier I'm going to do my best to reserve about two minutes for rebuttal and subject to the court's questions I intend to focus my time on the first issue in this case When Mr. Frazier told the judge that he was seeing about 100 dead people in the courtroom and confirmed that his medication had recently changed and then also said that those voices were getting in the way of his ability to understand what was going on he also confirmed that those voices wanted him to hurt people There was reasonable cause to believe that Mr. Frazier may be mentally incompetent Because there was reasonable cause, section 4241A required the judge to inquire sua sponte into Mr. Frazier's competence Because the judge didn't do that, we think the judge abused his discretion But did the prior competency determination recognize that he had ongoing auditory visual hallucinations but conclude that the symptoms did not appear to be impacting his ability to understand and rationally apply facts that were related to the legal process in this case and were there any other indications that he was not competent at the time of his trial and sentencing or is the only reason to question it, his competency that is the statement regarding his auditory and visual hallucinations at the waiver of the jury trial So that's right, we have focused this appeal on the jury waiver hearing the morning of April 9th, 2024, when he had this conversation about these violent hallucinations So we're not saying that there's something in the record at trial or at sentencing that independently gives rise to reasonable cause We think it's this hearing combined with the other objective indications of potential incompetence that exist in the record Coming to your specific question, Judge Roedner, yes, there was this year-old competency finding We think it's expressly contingent, and it uses words like he's currently competent he was competent at the time, his symptoms were well-managed by medication But that medication had changed, and we know it had changed recently at the time of the jury waiver hearing because he said so And it's true that he had these auditory and visual hallucinations even a year prior But there's this obvious escalation, or at least an escalation that seems obvious to us in the symptomology He now is being told by these hallucinations to hurt other people We think that's an escalation that combined with his prior finding of incompetency his long history of mental health problems Don't you think the district court recognized the gravity of what it had on its hands in front of it? I mean, everything that you're saying, and you've done a good job in your brief, is super serious But the district court really caught that, did it not? No doubt Yeah, and so the district court was aware of this obligation was aware of what he was being told, the district judge in the courtroom And you're right that it's extreme, it's serious You'd have serious questions about competency if a defendant was telling you things like that in the courtroom But the district court was the one that really understood that So what I have a difficult time with is where's the error here? Sure, so the legal error is skipping to step two of the 4241A process So there are serious concerns, I think we can all agree on that And that's what under 4241A triggers the evaluation and the hearing So the bottom line finding of competency, which is the one I think the judge made the legal error was skipping to step two of the 4241 analysis without getting evidence and experts involved But wasn't the district court mindful of the road that everything had traveled? Yes, absolutely, but I think what the judge did not take into account was the escalation and symptomology at this hearing So he certainly grappled with it, and the conclusion was that he's competent But that's not the question the statute directs the court to ask in the first place The first question is, is there a reasonable cause to believe that he might not be? If there is, you get evidence and experts involved And then Mr. Fraser may or may not be able to prove his actual incompetency But he doesn't have to prove actual incompetency to get a competency hearing And so the legal error is in skipping to step two of this 4241 analysis So we shouldn't take into consideration the fact that his attorney who had sought the first competency hearing believed that his decision making was at the same level as when the prior competency determination was made and believed him competent and believed that he understood what he was waiving Of course, he himself indicated that his mental health was the same as it had been And I really commend Judge Leidy in every possible way for the way he questioned him You know, having him explain the concepts in his own words So he was ensuring that he wasn't simply responding rotely and exploring legal rationale, you know, for the waiver So, yeah So that's right What I hear in your question is how can it be an abuse of discretion if his own attorney didn't ask for a competency evaluation even though the attorney previously had If I've misunderstood your question, please correct me Well, plus how carefully the judge was Certainly in trying to make certain Yeah, so I think that's right So let me take the second part first which is there's no doubt that Judge Leidy was careful in this case I don't have any dispute with that I think the difficulty is that, you know, in cases like Graves this court has said you can't just sort of skip past reasonable cause if you think there are other countervailing indicators If there are other things to think Well, maybe he is competent, maybe he's not competent That's why you need to hear it That's why you go That's why the statute sets out this two-part process You're basically saying My words, not yours But I hear you be saying Given the extreme nature of what the defendant was reporting seeing in the courtroom there had to be a bookmark put on the proceedings We had to have a fresh, present tense inquiry into his competency And then and only then can we go That's your argument Yeah, I think that's exactly right That is the argument And to the extent that there's Can you help me out on this business about I've been confused about this whole medication business Sure Okay You make the argument, I think Correct me if I'm wrong that the defendant was of the view that his hallucinations may, what, like worsened or something intensified because he changed medications? So, I It's not clear to me, actually whether they worsened because of the change or because they're just in this sort of you know, ramp-up period on a new drug, right? These are some of the most Is it the new drug being Zyprexa? I believe that's right, yeah Okay, and the old drug being Invega? Yes Okay, what do you understand the argument to be? As you stand there right now Right, so I understand what the argument to be A change in psychotropic medication is something that has profound effects on the brain and can cause, either in the interim or because of a worse reaction to the new drug can cause worse symptoms So we don't, I don't think that we know based on this record whether Okay, and is it your understanding that defense counsel It wouldn't be the defendant himself, I don't think but maybe it was The defense counsel said Hey judge, there's a change of drugs here that could be having, that could account for the change from last year to this year Sure, so defense counsel didn't make that point below Mr. Fraser himself actually pointed this out to the judge that he had I believe the testimony was a few weeks prior He had changed the drugs that he was taking That the Zyprexa was no longer available That's what the jail's pharmacist told him and so he had recently undergone a change in the drugs We don't know exactly what impact that had but I think, again, that's why the evaluation and the hearing is necessary to ferret out that sort of evidence Seeing that we've got about a minute left if you don't mind If we can give Mr. Hammernick that extra minute I do have a question I don't want to take up his time but I do have a question It's your time Thank you Can the supervised release condition Counsel, if you would face the bench you will also be facing Judge Rovner She is not physically in that screen I apologize I will be next time Can the supervised release condition be satisfied by 10 hours of community service weekly? Is there any indication in the record that the district court believed Fraser to be incapable of that level of organized activity? Not to my knowledge I don't think there's anything in the record where the court or the district judge said Hey, you know what? I'm giving you a 30-hour per week full-time employment requirement but short of that do 10 hours a week of community service I think that sort of clarification by the judge would have justified that condition but there's no finding along those lines so we think that this basically is an exceptionless full-time employment condition and yes, buried within it you have what looks to be a backstop of a community service requirement If the judge really meant to impose a community service requirement we would just ask for a remand so the judge would clarify that but a full-time work requirement we think is plainly inappropriate given the court's repeated findings that he can't work Thank you Thank you, counsel Mr. Whalen May it please the court Thank you, your honors Nathaniel Whalen here on behalf of the United States of America The district court did not abuse its discretion by failing a sua sponte order second competency evaluation nor did it plainly err in imposing the condition of supervision that's challenged on appeal and so we ask you to affirm this conviction and sentence I think your honors have hit the nail largely on the head here what we have is a situation where a defendant went for a competency evaluation and he said during those times that he's hearing voices seeing people that aren't there he says that on multiple occasions in the competency evaluation and in spite of that the two doctors at the MCC determined that he was competent this is a very different case if that competency evaluation never takes place because what Judge Lichte also says during the waiver of the jury trial colloquy is that he has that report literally sitting with him on the bench while he's reviewing this waiver he's well aware of its findings and so he understood that this is a static condition that the defendant appears to be under that he is hearing voices and Judge Rovner to your point he doesn't just accept it, right he doesn't say that yes, you're hearing voices Judge Rovner is not in the screen face the camera I apologize, your honor he does not at any point say that just because he's hearing voices that's the end of the analysis what he does is he engages in a lengthy colloquy where he asks the defendant over and over again questions to ensure the defendant's competency and he does ask the defendant have you changed medication Judge Scudder, to your point so on page 5 of the colloquy he says that he's no longer taking Seroquil Seroquil was the one he took during the MCC evaluation and that's on page 10 of the psych eval report on page 5 of the colloquy he says he can't get Seroquil anymore instead what he gets is something called Zyprexa they're both dealing with mental health illnesses like schizophrenia manic behavior bipolar disorder excuse me, behavior that's the switch but what he also says is yeah, and I was also hearing voices when I was on the prior one and that wasn't working either so even though there is a change in the medication what we have is the same symptoms that are in front of Judge Lichte as he's undergoing this evaluation as previously existed at the MCC what the court did is what this court's told the district court judges to do and engage in this colloquy he asked Mr. Frazier to define a jury or he didn't ask Mr. Frazier voluntarily to find a jury for the district court he defined what unanimous meant he told the court he understood concepts of jury trial and sentencing and a waiver of a jury trial he stopped and he asked questions when he didn't know the answer to things he consulted with defense counsel and yes he had a mental illness I don't think that's a dispute at this point but mental illness is different than incompetency and the competency had already been evaluated there's no reasonable cause to engage in a separate competency evaluation when we have the same symptoms here now I understand Mr. Frazier's position is that there's an obvious escalation in symptomology I'm not sure that that's correct I don't know that at any point the mental evaluation from the MCC was based on the number of individuals he's hearing or the content I don't know that someone's more or less competent if the voices he's hearing says hi or you should hurt someone that might affect his mental illness but it doesn't affect his competency and so when Judge Lichte hears that he does go step by step and say you know where are these individuals in the courtroom you're hearing can you hear me can you tune everything out and then he asks question after question to ensure that Mr. Frazier is in fact able to hear Judge Lichte and engage in a colloquy with him that's what you want the court to do what the court also did was it asked defense counsel has anything changed and as Judge Rovner pointed out nothing had changed defense counsel said he has the same rational thought process as he did when he was previously sent for an evaluation and so defense counsel who this court heavily defers to because they are the individual that is engaging with the defendant on a regular basis says nothing has changed does not trigger any obligation for Judge Lichte to sue a sponte stop everything and say we need a new mental health evaluation finally the court I apologize your honor at sentencing the district court declared that idle hands can be evil hands and so  and that can prove true once again on supervision because the unfortunate reality is you can't work because of your ongoing disability and the court also declined to impose an  because his disability meant he did not have an earning capability isn't that language inconsistent with a supervised release requirement of full-time employment and at a  shouldn't we require the court to reconcile those apparently contradictory statements I don't think it is inconsistent your honor I think what the court was trying to get at is this defendant needs to do something right this  needs to not have idle hands because when he commits the incident offense he is on probation from his prior conviction essentially in his bedroom trolling the  and finding child pornography we have a much harder case where there is no backstop about community service and job skills training program reading the condition at paragraph 100 in the PSR the backstop is absolutely in there there is a work condition and it says if you are not employed you must try to  full-time employment if you become employed you have to tell your probation officer if after 90 days you do not find employment you must complete at least 10 hours of community service per week until employed or participate in a job skills training program approved and directed by your probation officer so if the district court said you need to work full-time that's a tough argument for us on this record the district court didn't say that the district court said you need to work full-time or if you can't do that community service or job training so are you trying to reconcile what I believe to be a  by reading the supervised release condition as merely a requirement of 10 hours per week of  service I mean is there anything in the  indicating that this fellow Frazer who the district court noted had been disabled since 2001 would be capable of 10 hours per week community service I don't think there's anything in  suggesting the defendant couldn't engage in 10 hours of community service because we are here on plain error standard it's not plain and  he can't engage in 10 hours of   because he can't engage in 10 hours of community service because we are here      he can't engage in 10 hours of community service we are here on plain error standard of et  if he unable to the condition this condition  full time because he needs to  pro social behavior and yes if he is unable to find employment this condition provides a back stop and that's the type of  this court has to do   think a violation would have to occur if he can't work and if he's not engaging in the job skills. That's correct. Unless this court has any questions, one note about the condition itself. The defense says the  district court says your supervision will be governed by the recommended conditions for the reasons stated in that report as well as the court today. So the court is adopting this italic part that is additional support. Unless this court has any  about the possibility                                     ...